FILED
MAY 15 2014 AEE
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. FOSTER,<br>    Plaintiff<br><br>v.<br><br>CHICAGO TRANSIT AUTHORITY (CTA),<br>    Defendant. | Civil Case No. 13 CV 5942<br>Judge Coleman<br>Magistrate Judge Cox |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, William J. Foster, by his undersigned attorneys, ÁVILA LAW GROUP LLC, and complains of Defendant, CHICAGO TRANSIT AUTHORITY (CTA), as follows:

### Preliminary Statement

1. This is a civil rights action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; to Title I of the American with Disabilities Act of 1990 (ADA), 42 USC §12101 *et seq.*; to the Age Discrimination in Employment Act of 1967 (ADEA), 29 USC §621 *et seq.*; and to Act 5 of the Illinois Human Rights Act, 775 ILCS 5/1-101 – 5/10-101 (West 2014).

### Jurisdiction

2. Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331 (federal question), 1343(a)(4) (civil rights), and 1367 (supplemental jurisdiction). Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivation of rights conferred by Title VII of the Civil Rights Act of 1967, by Title I of

the Americans with Disabilities Act of 1990, and by the Age Discrimination in Employment Act of 1967.

### Venue

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims in the present lawsuit arose in this district.

### Parties

4. Plaintiff, William J. Foster, a 56-year-old male with clinical depression, is a resident of Cook County, Illinois, and has worked for CTA since 1981.

5. Defendant, Chicago Transit Authority (CTA), is a municipal organization with its principal place of business located in Chicago, Illinois. The CTA is engaged in an industry affecting commerce and employs more than 15 people for each working day in each of 20 or more calendar weeks on the current or preceding calendar year.

### Facts

6. William J. Foster has been a Painter Foreman and Department Expeditor for the CTA since 1995. In his capacity as Painter Foreman, William J. Foster is responsible for directing a crew of as many as twenty employees. In his capacity as Department Expeditor, William J. Foster oversees all paint-related materials and equipment for his department.

7. Since 1999, William J. Foster has complained in vain to CTA management about employment discrimination directed against various fellow employees.

8. William J. Foster has reported over the years instances of employment discrimination based on sex directed against Laura Foster, who is his sister. Among other things, William J. Foster alleged that CTA management discriminated against

Laura Foster because she is a woman when CTA management demoted her from foreman to journeyman.

9. William J. Foster has reported over the years instances of employment discrimination based on race directed against Michael Salas. Among other things, William J. Foster alleged that CTA Management discriminated against Michael Salas because he is Hispanic when Tim Webb, a CTA manager, told William J. Foster that he would never promote Michael Salas to foreman.

10. William J. Foster has also reported over the years instances of employment discrimination based on race directed against William Haritos, who is black, and against Richard Chacon, who is Hispanic.

11. CTA Management has also over the years discriminated against William J. Foster on the basis of his age.

12. For instance, in October of 2011, Helen Kim, the General Manager of Employee Relations, chastised William J. Foster with the following statement: "You have 30 years on the job, why don't you just retire?"

13. Similarly, in January of 2012, Kevin Loughnane, the General Manager of System Maintenance, threatened William J. Foster with the following statement: "If you don't retire, you'll be fired!"

14. CTA Management has also over the years discriminated against William J. Foster on the basis of his diagnosed clinical depression, which substantially limits, among other things, his ability to concentrate, think, sleep, communicate, and work.

15. For instance, CTA Management denied William J. Foster's request, for disability pay for the five months he took off of work in 2011 to treat his clinical depression, six times before it paid him despite the fact that William J. Foster submitted supporting documentation of his mental impairment from his doctors and from a physician that CTA hired for an independent opinion.

16. CTA has discriminated against William J. Foster because of his age and disability and has retaliated against him for alleging that CTA has illegally discriminated against his fellow employees by, among other things, doing the following to him.

17. CTA moved William J. Foster from the shop on the Northside of the city to the shop on the Westside of the city merely to inconveniently lengthen his commute from home to work and back.

18. CTA prohibited William J. Foster from working overtime hours.

19. CTA subjected William J. Foster to random drug tests.

20. CTA has repeatedly disciplined William J. Foster on false charges of misconduct.

21. CTA fired William J. Foster on false charges of misconduct on January 26, 2012. An arbitrator reinstated William J. Foster in October of 2013.

22. As a result of the discrimination and retaliation described above, William J. Foster has suffered emotional pain, mental anguish, physical pain, a deterioration of health, inconvenience, and a loss of enjoyment of life.

23. On November 28, 2012, William J. Foster filed a Charge of Discrimination against CTA with the EEOC alleging Retaliation. The EEOC issued William J. Foster a Right to Sue Letter on May 21, 2013.

24. On January 9, 2014, William J. Foster filed a Charge of Discrimination against CTA with the EEOC alleging Retaliation and Discrimination based on Age and Disability. The EEOC issued William J. Foster a Right to Sue Letter on January 31, 2014.

### First Claim for Relief:
### Violation of 42 USC §2000e-3
### (Third Party Retaliation)

1-24. Plaintiff, individually, restates all allegations in paragraphs 1-24 above as paragraphs 1 through 24 of this first claim for relief as if fully pled.

25. The foregoing acts and omissions constitute Third Party Retaliation against William J. Foster for alleging that CTA discriminated against his fellow employees on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964.

### Second Claim for Relief:
### Violation of 29 USC §621
### (Prohibition of Age Discrimination)

1-25. Plaintiff, individually, restates all allegations above as paragraphs 1 through 25 of this second claim for relief directly and by way of reference as if fully pled.

26. The foregoing acts and omissions constitute Age Discrimination against William J. Foster with respect to his compensation, terms, conditions, or privileges of employment because he is over the age of 40 in violation of the Age Discrimination in Employment Act of 1967.

### Third Claim for Relief:
### Violation of 42 USC §12112
### (Discrimination on the Basis of Disability)

1-26. Plaintiff, individually, restates all allegations above as paragraphs 1 through 26 of this second claim for relief directly and by way of reference as if fully pled.

27. The foregoing acts and omissions constitute Discrimination on the Basis of Disability against William J. Foster with respect to his compensation, terms, conditions, or privileges of employment because he suffers from clinical depression in violation of Title I of the Americans with Disabilities Act of 1990.

### Fourth Claim for Relief:
### Violation of 775 ILCS 5/1-102
### (Freedom from Unlawful Discrimination Based on Age)

1-27. Plaintiff, individually, restates all allegations above as paragraphs 1 through 27 of this second claim for relief directly and by way of reference as if fully pled.

28. The foregoing acts and omissions constitute Unlawful Discrimination Based on Age against William J. Foster in connection with employment because he is over the age of 40 in violation of Section 1-102(A) of Act 5 of the Illinois Human Rights Act.

### Fifth Claim for Relief:
### Violation of 775 ILCS 5/1-102
### (Freedom from Unlawful Discrimination Based on Mental Disability)

1-28. Plaintiff, individually, restates all allegations above as paragraphs 1 through 28 of this second claim for relief directly and by way of reference as if fully pled.

29. The foregoing acts and omissions constitute Unlawful Discrimination Based on Mental Disability against William J. Foster in connection with employment because

he suffers from clinical depression in violation of Section 1-102(A) of Act 5 of the Illinois Human Rights Act.

### Sixth Claim for Relief:
### Infliction of Severe Emotional Distress

1-29. Plaintiff, individually, restates all allegations above as paragraphs 1 through 29 of this second claim for relief directly and by way of reference as if fully pled.

30. The foregoing acts and omissions constitute Infliction of Severe Emotional Distress in that William J. Foster has suffered emotional pain, mental anguish, physical pain, a deterioration of health, inconvenience, and a loss of enjoyment of life as a result of the discrimination and retaliation described above.

WHEREFORE, Plaintiff, WILLIAM J. FOSTER, prays for judgment in his favor and against the Defendant, CHICAGO TRANSIT AUTHORITY (CTA), and for the following relief:

- A. For a declaratory judgment that the Defendant unlawfully discriminated and retaliated against Plaintiff;

- B. For an award of compensatory and punitive damages in an amount determined at trial;

- C. For an order directing Defendant to make Plaintiff whole, including retroactive reinstatement with participation in all employee benefit plans and with all other benefits which would have accrued had Plaintiff not been unlawfully disciplined;

- D. For an award of attorneys' fees and costs incurred by Plaintiff in prosecuting this matter; and,

- E. For an award of such other relief in law and equity to which Plaintiff may be entitled under the premises.

WILLIAM J. FOSTER,

By: s/Frank B. Avila
    One of his Attorneys

Ávila Law Group, LLC
Attorneys for Plaintiffs
6201 West Touhy Avenue, Suite 201
Chicago, IL 60646-1119
frankavilalaw@gmail.com
773-631-0177 telephone
773-763-2301 fax

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

>
>   WILLIAM J. FOSTER,
>
>   By: s/Frank B. Avila
>   One of his Attorneys

Ávila Law Group, LLC
Attorneys for Plaintiffs
6201 West Touhy Avenue, Suite 201
Chicago, IL 60646-1119
frankavilalaw@gmail.com
773-631-0177 telephone
773-763-2301 fax

9