IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 5942 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO CONSOLIDATE AND REASSIGN ACTIONS**

Defendant, Chicago Transit Authority ("CTA") hereby moves the Court to consolidate the following three actions, all pending in this district: William J. Foster v. CTA, Case No. 13-CV-5942; William J. Foster v. CTA et al., Case No. 14-cv-4698; and Laura K. Foster v. CTA et al., Case No. 14-cv-4701. All Defendants, including individual defendants Robert Gierut, Kevin Loughnane, Timothy Webb, Katharine Lunde, Geraldine Fiedler, and Colleen Brewer from Case Nos. 14-cv-4698 and 14-cv-4701, consent to this Motion to Consolidate and Reassign. CTA has attempted to contact Plaintiff's counsel in the instant matter to determine if he would agree to join CTA's Motion to Consolidate and Reassign Actions. As of the time of filing, CTA could not confirm whether Plaintiff in the instant matter agreed to join in CTA's Motion to Consolidate and Reassign, although Plaintiff's counsel made some indication that he was considering filing a motion to consolidate himself.

All three cases involve Defendant CTA. All three cases involve allegations that the CTA and employees of the CTA, while acting in their authority as agents of the CTA, and refer to illegal treatment, including discrimination and retaliation, against plaintiffs Laura and William Foster. In each complaint, each Plaintiff likewise refer to his or her sibling's illegal treatment by

1

CTA. All three cases allege common facts regarding the termination and reinstatement of William Foster as well as the demotion of Laura Foster. All three cases raise identical questions of law stemming from Title VII of the Civil Rights Act of 1991, among other similar questions of law regarding retaliation and discrimination.

    I.    **ALL ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT AND SHOULD BE CONSOLIDATED UNDER RULE 42**

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate actions when those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation is meant to promote judicial efficiency. <u>Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC</u>, CIV.A. 11 C 2440, 2011 WL 4007731, at *3 (N.D. Ill. Sept. 9, 2011). Cases need not have the exact same claims or fact patterns in order to be consolidated, especially during the pretrial period. See <u>BP Products N. Am., Inc. v. Bulk Petroleum Corp.</u>, 71 Fed. R. Serv. 3d 667, at *5 (E.D. Wis. 2008) (granting motion to consolidate despite Plaintiff's contention that not all the factual questions and legal issues were exactly the same and that consolidation would leave to confusion and prejudice); <u>see also</u> <u>Unified Messaging Solutions, LLC v. United Online, Inc.</u>, 13 C 00343, 2013 WL 1874211, *5 (N.D. Ill. May 3, 2013) ("The test for joinder under Rule 20 is more stringent than that for pretrial consolidation under Rule 42."). A trial court has broad discretion in consolidating multiple suits. <u>Unified Messaging Solutions,</u> 2013 WL at *5 (N.D. Ill. 2013). A motion for consolidation will usually be granted unless a party opposing it can show prejudice. <u>Indiana Harbor Belt R. Co. v. Am. Cyanamid Co.</u>, 517 F. Supp. 314, 315 (N.D. Ill. 1981) (motion for consolidation granted as Defendant had not sufficiently demonstrated any prejudice which would result from ruling).

These actions are substantially related for the purposes of consolidation. Where, as here, separate "suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of trial convenience and economy in administration." De Figueirido v. Trans World Airlines, Inc., 55 F.R.D. 44, 46 (S.D.N.Y. 1971); see also KPASA, LLC v. United States, 04 C 109, 2004 WL 1144053, *2 (N.D. Ill. May 17, 2004). Actions involving the same parties are usually appropriate candidates for consolidation. Robbins v. Pepsi-Cola Met. Bottling Co., 84 C 170, 1985 WL 5130, *3 (N.D. Ill. Dec. 26, 1985). Although initiated as separate actions, these cases involve nearly the same factual allegations involving CTA and the Individual Defendants[1] from Case Nos. 14-cv-4698 and 14-cv-4701, and raise similar, if not the same, legal issues. It is anticipated that the majority of the witnesses will overlap in these cases and many of the exhibits will be identical.

The trial court has discretion in consolidation. Id. In reaching such a determination, the "court generally weighs the time and effort resulting from consolidation against any inconvenience, delay or expense it may cause." Id. These actions present a strong case for consolidation. Combining them will prevent duplicative proceedings, thus saving the Court and parties substantial resources. As all of the actions are in their nascency, consolidation is not likely to result in overwhelming inconvenience.

Finally, no prejudice would not result to either plaintiff Laura Foster or plaintiff William Foster from consolidation. Thus, the Court should exercise its discretion under Rule 42 and consolidate these cases.

---

[1] For the most part, the Individual Defendants are or were CTA managers with whom Plaintiffs Laura and William Foster interacted.

## II. THESE ACTIONS ARE RELATED AND ARE APPROPRIATE FOR REASSIGNMENT UNDER LOCAL RULE 40.4

Local Rule 40.4 provides the requirements for a case to be reassigned. N.D. Ill. Local R. 40.4 (IL R USDCTND LR 40.4). A party moving to reassignment must satisfy both Local Rule 40.4(a) and (b). Donahue v. Elgin Riverboat Resort, 04 C 816, 2004 WL 2495642, *4 (N.D. Ill. Sept. 28, 2004). Rule 40.4(a) states that actions may be related if one or more of the following conditions are met:

(1) the cases involve the same property

(2) the cases involve some of the same issues of fact or law

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

N.D. Ill. Local R. 40.4 (IL R USDCTND LR 40.4). The cases in question satisfy both 40.4(a)(2) and (3). First, the cases involve the same factual allegations revolving around the dismissal of William Foster and the demotion of Laura Foster. There are similar factual allegations regarding actions taken and statements made by the Defendants; in fact, two of the cases, Case Nos. 14-cv-4998 and 14-cv-4701, provide nearly identical allegations of fact. Similarly, the cases involve some of the same issues of law, especially regarding retaliation and discrimination under, among other various statutes, Title VII of the Civil Rights Act of 1991. Finally, the cases grow out of the same long-running occurrence regarding the disciplinary actions and repercussions of those actions taken by the Defendants against the Plaintiffs. Thus, these cases are "related" under Local Rule 40.4.

4

Local Rule 40.4(b) provides that cases may be reassigned to the calendar of another judge if they are found to be related to an earlier-numbered case assigned to that judge and,

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. Local R. 40.4 (IL R USDCTND LR 40.4).[2] The cases before the Court satisfy all of these requirements. All three cases are pending in the Northern District of Illinois. As the actions all involve complex questions of fact that would require a detailed understanding of the circumstances regarding each case, and all factual allegations are substantially similar, the handling of all three cases by the same judge is highly likely to result in a substantial saving of judicial time and effort. The earliest case has not yet progressed to a point where substantial delay would result from reassigning the other cases. Discovery has not yet begun in any case, and would be most efficient for all parties involved if the cases were consolidated. In the instant matter, Defendant CTA recently filed its Answer on August 18, 2014. In the remaining matters, there are pending motions to dismiss matters 14-cv-4698 and 14-cv-4701 in their entirety. Cases are "susceptible of disposition in a single proceeding" when a court finds that a court is capable of determination in a single proceeding. Fairbanks Capital Corp. v. Jenkins, 02 C 3930, 2002 WL

---

[2] Pursuant to Local Rule 40.4(d), the Executive Committee, where the Court finds that the cases are related and that reassignment should take place, a copy of that finding will be forwarded to the Executive Committee together with a request that the Committee reassign the higher-numbered case or cases. N.D. Ill. Local R. 40.4 (IL R USDCTND LR 40.4) (emphasis supplied).

31655277, *3 (N.D. Ill. Nov. 25, 2002). As all of the actions require similar findings of fact and determination of questions of law, the cases are susceptible of disposition in a single proceeding.

Related cases involving substantially similar factual allegations and containing similar questions of law may be consolidated and reassigned under Federal Rule of Civil Procedure 42 and Local Rule 40.4. Here, such consolidation and reassignment is eminently appropriate given the similarity of all of the factual allegations, questions of law, and parties. Consolidation and reassignment will result in a substantial increase of judicial efficiency without prejudicing any party. At the time of filing, CTA could not confirm whether Plaintiff agreed to join in the instant motion, although Plaintiff's counsel had previously indicated that he was considering filing a motion to consolidate. Regardless, as no prejudice will result to either Plaintiff William Foster or Plaintiff Laura Foster, the Court should combine the following three actions: William J. Foster v. CTA, Case No. 13-CV-5942; William J. Foster v. CTA et al., Case No. 14-cv-4698; and Laura K. Foster v. CTA et al., Case No. 14-cv-4701.

## CONCLUSION

WHEREFORE, for each of these reasons, Defendant Chicago Transit Authority requests that the Court grant its Motion to Consolidate and Reassign Actions.

Date: September 25, 2014                                    Respectfully submitted,

                                                            By:     s/ Caroline M. Page
                                                                    CAROLINE M. PAGE
Caroline Page                                                       Attorney for Defendants
Christopher R. Jensen
Judith A. Kelley
567 W. Lake St, 6th Floor
Chicago, Illinois 60661
(312) 681-3120 (p)
(312) 681-2995 (f)
cpage@transitchicago.com

6