# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. FOSTER, | ) | |
| Plaintiff, | ) | Case No. 13 cv 5942 |
| v. | ) | Judge Sharon Johnson Coleman |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William J. Foster, filed a six count First Amended Complaint on May 15, 2014, alleging employment discrimination, retaliation, and intentional infliction of emotional distress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, the American with Disabilities Act of 1990 ("ADA"), Age Discrimination in Employment Act of 1967 ("ADEA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101- 5/10-101. Defendant Chicago Transit Authority ("CTA") filed an Answer to the First Amended Complaint, denying the allegations, and filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [67] For the reasons stated below, the Court grants the motion.

**Background**

Plaintiff William Foster worked at CTA from March 13, 1981, until his termination on January 26, 2012. Following arbitration proceedings, CTA reinstated Foster's employment on or about October 1, 2013. Foster alleges that over the years he complained numerous times to CTA about ongoing racial discrimination and sexual harassment that he believed CTA committed against other employees. Foster also alleges that he suffered discrimination based on his age and clinical depression and that CTA retaliated against him, ultimately terminating his employment.

1

Foster filed his first Equal Employment Opportunity Commission ("EEOC") charge on or about November 28, 2012, only claiming retaliation on January 26, 2012, for his complaints about CTA discriminating against other employees. The Right to Sue letter is dated May 21, 2013. Foster filed his initial complaint *pro se* in this Court on August 20, 2013, alleging retaliation for the numerous complaints he made to CTA about what he believed to be ongoing racial discrimination and sexual harassment of CTA employees. (Dkt. 1).

On January 9, 2014, Foster filed his second EEOC charge, alleging discrimination based on age and disability, and retaliation on September 30, 2013. The Right to Sue letter is dated January 31, 2014. Foster filed a First Amended Complaint in this Court on May 15, 2014. Thereafter, on April 29, 2014, Foster filed a complaint in the Circuit Court of Cook County, which was consolidated with the instant lawsuit and voluntarily dismissed.

CTA now moves for dismissal of the First Amended Complaint, arguing that it is entitled to judgment on the pleadings because the retaliation and discrimination claims are untimely and the intentional infliction of emotional distress claim is preempted by the Illinois Human Rights Act.

**Legal Standard**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991); *see also Brooks v. Ross*, 578 F.3d 574, 579 (2009) (noting that the practical effect of addressing a statute of limitations defense in a Rule 12(c) motion is the same as addressing it in a Rule 12(b)(6) motion). For purposes of ruling on this motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). Dismissal pursuant to Rule 12(c) is appropriate when a plaintiff alleges sufficient facts to establish the untimeliness of the complaint. *See Cancer Found., Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 674-75 (7th Cir. 2009).

**Discussion**

CTA argues that Counts I to V, alleging retaliation and discrimination are time-barred. CTA also argues that Count VI, alleging intentional infliction of emotional distress is both time-barred and pre-empted by the Illinois Human Rights Act. This Court first addresses the timeliness of the discrimination and retaliation claims.

Foster had 90 days from receiving his Right to Sue letter from the EEOC to file his Complaint. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-850 (7th Cir. 2001). The EEOC issued a Right to Sue letter on January 31, 2014. Foster filed his First Amended Complaint on May 15, 2014. If the allegations do not aver when a plaintiff received a Right to Sue letter, this Court presumes timely delivery of the letter within seven days. *See Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001) (citing *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir. 1981)). Therefore, even if this Court assumes that Foster did not receive the Right to Sue letter until February 7, 2014, the First Amended Complaint was filed 98 days later and is untimely.

Foster asserts that the claims contained in the First Amended Complaint are timely because they relate back to the original complaint. In the context of employment discrimination and retaliation, claims in the charge and allegations in the complaint must be alike or reasonably related. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)); *see also McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996) (collecting cases). "Normally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 864-865 (7th Cir. 2010).

Foster's original complaint and his 2012 EEOC charge claimed only retaliation for his complaints about third-party discrimination and thus his age and disability discrimination claims do not relate back to that charge. The original retaliation claim and the current claims that Foster

3

suffered age and disability discrimination do not describe the same conduct by the same individuals. *See Cheek,* 31 F.3d at 501. Accordingly, Foster's discrimination claims are untimely.

Even if this Court were to consider Foster's retaliation claims as relating back to the original EEOC charge in 2012, they fail for the additional reason that Foster has not alleged any conduct within the necessary 300-day window for filing an EEOC charge. *See* 42 U.S.C. § 2000e-5 (1964). In his second EEOC charge on January 9, 2014, Foster stated that the last date of CTA's discriminatory conduct was September 30, 2013. While January 9, 2013, is within 300 days of September 30, 2013, Foster was not an employee of CTA on that date nor was he a CTA employee at any time between March 15, 2013, which begins the 300-day window for Foster to file an EEOC charge, and September 30, 2013. Indeed, the date of Foster's termination, January 26, 2012, is the last date on which the alleged retaliation could have occurred.[1]

The 2012 EEOC charge does not save this claim. Foster would have had to file his EEOC charge by November 21, 2012, which is 300 days from his termination. Foster asserts that he submitted his EEOC charge on that November date. However, it was actually the Intake Questionnaire that Foster mailed to the EEOC on November 21, 2012. While an Intake Questionnaire may fulfill the requirements of a "charge," it is not necessarily the equivalent. *See Philbin v. General Electric Capital Auto Lease, Inc.*, 929 F.2d 321, 324 (7th Cir. 1991) (holding that hold that an intake questionnaire that is later verified may be sufficient to constitute a charge in some circumstances). Even if this Court were to accept the Intake Questionnaire as the equivalent of an EEOC charge, the EEOC did not receive that form until November 23, 2012. According to 29 C.F.R. § 1601.13(a)(4)(ii)(A), a claim is filed when the agency receives it. *See also Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 474 (7th Cir. 2009). Thus, the earliest date on which the EEOC could have received even the 2012 Charge or Intake Questionnaire was two days after the expiration

---

[1] Foster does not allege any retaliatory conduct after his reinstatement on or about October 1, 2013.

4

of the 300-day deadline. Accordingly, this Court finds that Foster's retaliation claim is also time-barred.

Lastly, this Court considers whether Foster's intentional infliction of emotional distress claim is timely and is not pre-empted by the IHRA. Foster's intentional infliction of emotional distress claim is a state-law tort claim subject to a two-year statute of limitations in Illinois. 735 ILCS 5/13-202. By asserting that this claim relates back to his original complaint Foster is conceding that his intentional infliction of emotional distress claim is untimely. Even if this argument could save his claim from being barred by the statute of limitations, the same argument justifies dismissal for preemption under the Illinois Human Rights Act, 775 ILCS 5-111(D). Not every tort claim is preempted by the IHRA. Where, as here, the factual allegations supporting a plaintiff's claim of intentional infliction of emotional distress are identical to those set forth in the plaintiff's discrimination and retaliation claims, the IHRA preempts the intentional infliction of emotional distress claim. *See Quantock v. Shared Mktg. Servs.*, 312 F.3d 899, 905 (7th Cir. 2002). Accordingly, this Court finds Foster's intentional infliction of emotional distress claims are preempted by IHRA.

**Conclusion**

Based on the foregoing discussion, this Court finds that Foster's discrimination and retaliation claims are untimely and his intentional infliction of emotional distress claim is preempted by the IHRA. This Court therefore grants defendant CTA's motion for judgment on the pleadings.

IT IS SO ORDERED.

ENTERED:

Dated: February 8, 2017

_____
SHARON JOHNSON COLEMAN